COURT OF APPEALS DIV I
2018 AUG 13 AM 8: 28

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Guardianship of | ) | No. 76856-5-I |
| MARGUERITE ROGERS,<br>An Incapacitated Person, | ) ) ) | DIVISION ONE |
| SHERRY WAMBA, Guardian of the<br>Person and the Estate, | ) ) ) | UNPUBLISHED OPINION |
| Respondent,<br>v. | ) ) ) | |
| STATE OF WASHINGTON,<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES, | ) ) ) | |
| Appellant. | ) | FILED: August 13, 2018 |

ANDRUS, J. — The Department of Social and Health Services (Department) appeals a superior court order relating to guardianship fees and costs for a Medicaid recipient, Marguerite Rogers. We affirm in part, reverse in part, and remand for a recalculation of guardianship fees.

## FACTS

Marguerite Rogers is an incapacitated adult enrolled in a Medicaid-funded program called Community Options Program Entry System (COPES), which offers an alternative to institutional nursing facility care for eligible persons.[1]

---

[1] 42 U.S.C. § 1396n(c)(1); WAC 182-515-1506; WAC 388-106-0310.

Rogers lives in an adult family home, known as an "alternative living facility" (ALF), in Everett. She receives $1,389 per month in Social Security benefits as her sole income source. Her average monthly cost to live at the ALF is $3,408.14. As a COPES recipient, Rogers's agreement to receive care in that facility requires that she pay her room and board, which the Department sets at $672.21 per month.[2] Rogers receives a $62.79 per month "personal needs allowance" (PNA), and the Department deducts another $38 for health insurance.[3] The amount remaining after deducting room and board, PNA, and insurance, is called "participation,"[4] which the Department applies toward the cost of Rogers's care. Medicaid pays the remainder.

RCW 11.92.180 provides "[a] guardian or limited guardian shall be allowed such compensation for his or her services . . . as the court shall deem just and reasonable." However, the statute also states that no guardian may be compensated at state expense.[5] Moreover, when the incapacitated person is receiving benefits from the Department and is required to contribute a portion of

---

[2] See WAC 182-515-1509(3)(b), (7). All persons receiving long-term care services, as defined in RCW 74.39A.009(19), must contribute a portion of their income to their cost of care, their room and board, or both. See, e.g., WAC 182-513-1380; WAC 182-513-1507; WAC 182-513-1509.

[3] See WAC 182-515-1509(3)(a).

[4] WAC 182-513-1100; WAC 182-515-1509(1)(a); WAC 182-513-1510, repealed by Wash. St. Reg. 18-04-056 (Feb. 1, 2018). This is known as participation because it is the amount Rogers pays to participate in her care. "Post-eligibility treatment of income, participation, and participate are all terms that refer to a client's responsibility towards cost of care." WAC 182-515-1509(1)(a); see also 42 C.F.R. § 435.726 (referring to participation as "[a]pplication of patient income to the cost of care"). "Participation is not room and board." WAC 182-513-1100; see also WAC 182-515-1509(1)(b).

[5] RCW 11.92.180.

her income toward the cost of residential services, the Department is entitled to notice when the guardian seeks an award of fees and costs.[6] The statutes also require that the Department establish rules limiting allowances for guardianship fees and administrative expenses.[7]

Before June 1, 2018, Department rules capped the amount a Medicaid recipient's guardian could charge at $175 per month and capped the amount the guardian could recover for administrative costs, including legal fees, at $600 during any three-year period.[8] Under these rules, guardianship fees and administrative costs could be deducted from a Medicaid recipient's income only after the Department had deducted room and board and PNA.[9] In other words, guardianship fees and administrative costs can be paid only from a Medicaid recipient's available participation.[10]

Sherry Wamba was appointed as Rogers's limited guardian on February 22, 2016. When the superior court appointed her as guardian, it directed an advance payment of $175 per month, consistent with Department rules. After the

---

[6] Id.; see also WAC 182-513-1525(4)(a), amended by WAC 388-79A-015.

[7] RCW 11.92.180; RCW 43.20B.460.

[8] WAC 182-515-1515(1), (3), amended by WAC 388-79A-010. Effective June 1, 2018, the Department promulgated amended regulations affecting guardianship fees and costs. See Wash. St. Reg. 18-04-056 (Feb. 1, 2018); Wash. St. Reg. 18-11-039 (May 8, 2018). The Department concedes the amendments apply prospectively only.

[9] WAC 182-515-1509(3)-(4).

[10] WAC 182-515-1509(4)(b).

entry of this order, the Department granted Wamba an exception to the monthly cap and approved payment of $325 per month in guardianship fees.[11]

In March 2017, Wamba filed a petition asking the superior court to approve an interim report and to approve her request for guardianship fees and administrative costs for the preceding 12 month period. The guardian sought court approval of a total of $13,923 in fees, $3,900 of which she had already received through the monthly advances. Wamba also requested an order increasing her monthly advance to $500. Finally, she sought an award of $1,702.50 in attorney fees and costs.

Wamba provided the Department with notice of the petition as required by statute, and the Department objected to the amount requested and to Wamba's proposed method for payment. The Department argued that Wamba's fee request exceeded both the regulatory caps and the amount of monthly participation available to cover guardianship fees. It contended that requiring the Department to use more than $616 of Rogers's monthly income for guardianship fees would unlawfully force it to waive Rogers's room and board obligation. The Department conceded that there had been "extensive medical setup needs involved in moving" Rogers to the ALF, and it agreed to allow "additional fees of $1,500 from [Rogers's] participation." The Department, however, asked the court to limit the monthly advance to $225, despite having previously agreed to $325

---

[11] Wamba reported to the court that the Department had agreed to grant her an exception to the $175 regulatory cap and had approved a monthly payment of $325, an assertion with which the Department agreed.

per month. It also requested the attorney fees be limited to $700, the amount it had already agreed were reasonable.

A superior court commissioner approved Wamba's requested fees and costs, concluding they were "necessary for the benefit of the guardianship and just and reasonable and should be allowed." The commissioner ordered the fees and costs "to be paid from Marguerite Rogers's income." The commissioner authorized the $500 advance of guardianship fees, effective March 2017, and ordered it to be paid from "Rogers's current income before calculation of the amount of the client's contribution toward the cost of long term care by [the Department]." In addition, the commissioner held that the monthly income allocated to pay guardianship fees and costs was "not available income and resources as defined by [Department] rules for purposes of determination of eligibility for benefits, or as available for contribution toward the cost of long term care."

The Department sought to revise the commissioner's ruling, arguing in part that the ruling unlawfully forced the Department to grant Rogers an "exception to rule," or ETR, under WAC 182-503-0090.[12] In its order denying the motion for revision, the superior court stayed payment of any guardianship fees and costs from "income other than participation for thirty (30) days following the date of entry of this order provided that [the Department] may, in its sole

---

[12] WAC 182-503-0090 gives the Department the discretion to grant an exception to any rule in Title 182 WAC when doing so would, among other things, be in the interest of the individual's welfare. Through this mechanism, the Department can reduce or waive a client's room and board obligation when there is insufficient participation for guardianship fees and costs.

discretion, approve an exception to rule to allow for an additional payment of fees above and beyond what can be paid from available participation."

The Department filed this appeal from the superior court's order.

## ANALYSIS

The Department raises three arguments: (1) the superior court erred in requiring the Department to deduct the guardianship fees and costs from Rogers's income before determining her eligibility for Medicaid benefits; (2) the superior court lacked the legal authority to order the Department to pay monthly guardianship fees in excess of the amount of Rogers's available participation; and (3) the superior court applied an incorrect standard to determine the reasonableness of the fees Wamba had incurred and monthly advance she sought going forward. We agree with regard to the first and second arguments but disagree as to the third.

A. Standard of Review

When a superior court applies guardianship law to a particular case and orders a fee allowance, we review the superior court's order for an abuse of discretion.[13] Under an abuse of discretion standard of review, a lower court's decision is upheld unless it is manifestly unreasonable or based on untenable grounds.[14] A court abuses its discretion when it bases its ruling on an erroneous

---

[13] In re Guardianship of Lamb, 173 Wn.2d 173, 184, 265 P.3d 876 (2011). When a party appeals an order denying revision of a commissioner's decision, we review the superior court judge's ruling, not the order of the commissioner. In re Estate of Wright, 147 Wn. App. 674, 680, 196 P.3d 1075 (2008).

[14] Dix v. ICT Group, Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

view of the law or applies an incorrect legal analysis.[15] We review issues of statutory interpretation de novo.[16] We apply the same rules of statutory construction to administrative rules and regulations.[17]

B. Requiring the payment of guardianship fees and costs from Rogers's income before the Department determines her eligibility for Medicaid

The Department contends the superior court erred in holding that the portion of Rogers's income awarded to pay guardianship fees cannot be considered by the Department when determining Rogers's eligibility for Medicaid benefits. We agree.

The Department and the Health Care Authority (HCA) administer Medicaid in Washington.[18] There is an extensive regulatory scheme for the Department and HCA to determine whether individuals are eligible for these public benefits.[19] When determining a person's eligibility for Medicaid benefits,[20] the Department must consider all income the person receives unless specifically excluded under WAC 182-512-0800.[21] Guardianship fees and costs may be excluded from the income analysis only "when [guardian] services are a requirement for the person

---

[15] Id.

[16] In re Lamb, 173 Wn.2d at 184.

[17] City of Seattle v. Allison, 148 Wn.2d 75, 81, 59 P.3d 85 (2002).

[18] RCW 74.04.050.

[19] See generally Title 182 WAC.

[20] See, e.g., RCW 74.09.510.

[21] See, e.g., 42 C.F.R. § 435.726(c); WAC 182-512-0600; WAC 182-512-0650; WAC 182-512-0700.

to receive payment of the income."[22] There was no evidence that any of Wamba's fees were incurred as a requirement for Rogers to receive Social Security income.

Wamba does not cite any legal support for the proposition that the superior court can dictate to the Department or the HCA what income they can and cannot include in their calculation of Rogers's eligibility for Medicaid benefits. We therefore conclude the superior court erred in ordering the guardianship fees and costs be excluded from Rogers's income when the Department determines her eligibility for Medicaid benefits.

C. Awarding guardianship fees and costs in excess of Rogers's monthly participation

The Department contends that the superior court can, under limited circumstances, award guardianship fees and costs in excess of the regulatory caps but cannot order the Department to pay fees and costs in excess of Rogers's monthly participation. We agree.

The regulation provides:

> Should fees and costs in excess of the amounts allowed in WAC 388-79-030 be requested:
>
> . . . .
>
> (c) [if] the court determine[s] after consideration of the facts and law that fees and costs in excess of the amounts allowed in WAC 388-79-030 are just and reasonable and should be allowed, then the department will adjust the client's current participation to reflect the amounts allowed upon receipt by the department of the court order setting the monthly amounts.[23]

---

[22] WAC 182-512-0800(5) (emphasis added).

[23] WAC 182-513-1525(4)(c), amended by WAC 388-79A-015. The monetary limits are now codified in WAC 388-79A-005 and -010. The parties

The Department concedes that under this rule, the superior court had the discretion to order payment of more than $175 per month in guardianship fees. It argues, however, that because the regulation specifies that such fees must come out of a recipient's participation, the court's authority is limited by the amount of that recipient's monthly participation. If correct, guardianship fees and costs, including the administrative costs (i.e., legal fees) cannot exceed $616 per month, Rogers's total participation.[24]

Wamba argues that there is no such restriction set out in any statute or rule and nothing restricts the superior court's authority to award whatever amount it deems just and reasonable under RCW 11.92.180. During oral argument, Wamba conceded that she may not collect more than is available in monthly participation, but argues she is nevertheless entitled to an award that allows her to collect against any future available participation. We do not find this argument persuasive.

First, RCW 11.92.180 explicitly restricts superior courts' authority in Medicaid cases. The statute provides "[t]he amount of guardianship fees and additional compensation for administrative costs shall not exceed the amount

---

agree that at the time of Wamba's petition, the maximum fees and costs were set out in WAC 182-513-1515, amended by WAC 388-79A-010.

[24] By extension, assuming Rogers's income does not change, she would have a total of $7,392 in available participation over a 12 month period.

allowed by the [D]epartment . . . by rule."[25]  We cannot ignore this statutory directive from our legislature.

Second, we interpret WAC 182-513-1525(4)(c), in effect at the time of Wamba's petition, to set a recipient's monthly participation income as a ceiling for guardianship fees and costs.  The rule's requirement that the Department adjust the client's participation to reflect a court award would otherwise have no meaning.

Finally, if an award exceeds a client's participation, the guardian would arguably have a right to collect her fees from income needed for the ward's room and board.  But such an outcome would violate the explicit statutory prohibition that "[g]uardians and limited guardians shall not be compensated at county or state expense."[26]

For these reasons, we conclude the superior court erred in awarding Wamba guardianship fees and administrative costs in an amount exceeding Rogers's monthly participation in the relevant accounting period in the absence of a Department approved ETR.[27]

D. Legal standard for assessing the reasonableness of Wamba's fee request

The Department argues the superior court did not apply the correct test in assessing the reasonableness of Wamba's fees.  Before June 1, 2018, the

---

[25] RCW 11.92.180; see also RCW 43.20B.460.

[26] RCW 11.92.180.

[27] See supra n.12.  The Department recently promulgated a new rule for orders entered on or after June 1, 2018, which allows a court order to adjust room and board obligations.  WAC 182-513-1530(3)(c), (4)(a); see also Wash. St. Reg. 18-04-056 (Feb. 1, 2018).

Department had the discretion to approve a guardian's fee request above the regulatory cap if it found the services "extraordinary."[28] On the other hand, if the services were "usual and customary," the rule provided that the maximum fees and costs set out in WAC 182-513-1515 "<u>must</u> be deemed adequate."[29] The Department argues that superior courts must apply the same "usual and customary" and "extraordinary" test as it is required to apply when considering a guardian's fee request. If all of Wamba's activities fit within the regulatory definition of "usual and customary," the Department contends the superior court has no legal authority to award more than the $175 per month cap. We disagree.

First, the rule defining "usual and customary" and "extraordinary" services applies only to the Department. The regulation provides that "[i]n considering a request for extraordinary fees and costs, <u>the department</u> must consider the following factors."[30] It does not say that courts must consider the same set of factors. Where a regulation is clear and unambiguous, words in a regulation are given their plain and ordinary meaning unless a contrary intent appears.[31] WAC 182-513-1525(4)(b) is unambiguous and does not apply to superior courts.

---

[28] WAC 182-513-1525(4)(b)(iii), <u>amended by</u> WAC 388-79A-015. The amended and newly promulgated regulations eliminate discretion to exceed regulatory amounts. <u>See</u> Chapter 388-79A WAC (for orders entered before June 1, 2018); WAC 182-513-1530 (for orders entered on or after June 1, 2018).

[29] WAC 182-513-1525(4)(b)(ii), <u>amended by</u> WAC 388-79A-015 (emphasis added).

[30] WAC 182-513-1525(4)(b), <u>amended by</u> WAC 388-79A-015 (emphasis added).

[31] <u>In re Estate of Little</u>, 106 Wn.2d 269, 283, 721 P.2d 950 (1986).

Second, WAC 182-513-1525(4)(c)—the rule that is explicitly applicable to superior courts—merely states that the court must consider "the facts and law" to determine whether a fee request is "just and reasonable." The language of this provision is identical to the language of RCW 11.92.180, and not similar at all to the language of WAC 182-513-1525(4)(b). Again, this provision is not ambiguous. The court is required to award only fees found "just and reasonable." Under Lamb, courts may approve fees only for work that benefits the guardianship and is performed in the individualized best interests of the ward, in an amount deemed proper in view of the value of the services performed, if there is evidence in the record to justify the compensation.[32] That is the "law" to be applied under WAC 182-513-1525(4)(c).

The superior court applied the correct legal standard here. The superior court reviewed Wamba's report, accounting, and proposed budget, and found that a reasonable amount of time was spent, and the acts performed were "just and reasonable for the administration of the guardianship estate and the care and support" of Rogers. In addition, it found that Wamba's hourly fee was "reasonable and within the standard for other professional guardians that charge for fiduciary services in the King and Snohomish County area." We find no error in this methodology. But because the total amount of fees and costs awarded cannot exceed Rogers's participation for the time period at issue, a remand is nonetheless necessary.

---

[32] 173 Wn.2d at 191-93.

For these reasons, we reverse the superior court's order and remand for a recalculation of guardianship fees and administrative costs consistent with this opinion.[33]

WE CONCUR:

_Andrus, Jr._

_Mann, Acj_

_Dwyer, J._

---

[33] Because Wamba did not prevail on appeal, we decline to grant the requested attorney's fees and costs. See id. at 198.